UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01081-FWS-KES     Date: June 10, 2024
Title: Randi M Mazzara v. Union Pacific Railroad, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE**

On May 17, 2024, Plaintiff Randi M. Mazzara ("Plaintiff") filed a 242-page case-initiating document titled "Notice of Motion and Motion Review Arbitrators Improprieties Detrimental to Plaintiff Mazzara. Denying Plaintiff of Fair and Impartial Process." (Dkt. 1 at 2.) The first two pages of this document appear to describe the relief Plaintiff seeks. (*Id.* at 1-2.) Specifically, Plaintiff states that "BLET, Union Pacific and NMB's improprieties established unfair and partial consequences. The names above have demonstrated retaliation and discrimination. Denying Plaintiff Mazzara a fair and impartial process due to incompetent union representation. Arbitration decision needs to be reviewed." (*Id.* at 2.) Plaintiff states that the motion is based on the following documents: "Arbitration transcript, PLB Award Mazzara, PLB Award Redmon, correspondence with National Mediation Board, BLET Union, Union Pacific Railroad Mgmt., Representative Lou Correa's office." (*Id.*) The next 240 pages include printouts from Gmail, handwritten pages without context regarding the purpose or nature of their contents, letters, an opinion of Public Law Board No. 7721 regarding Plaintiff's appeal for compensation for all time lost, Union Pacific Railroad's Policy for Managing Agreement Professionals for Success, among numerous other documents. (*Id.* at 3-241.) The proposed order submitted with Plaintiff's motion indicates that Plaintiff seeks "reinstatement to former position as locomotive engineer with all my seniority rights restored from May 2022 – present." (*Id.* at 242.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01081-FWS-KES                                     Date: June 10, 2024
Title: Randi M Mazzara v. Union Pacific Railroad, *et al.*

## I. Legal Standard

Under Federal Rule of Civil Procedure 8, pleadings filed with the court must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Though Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. at 555); *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (explaining that even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

"Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)); *Nevijel*, 651 F.2d at 673 ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b).").

## II. Discussion and Disposition

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-01081-FWS-KES | Date: June 10, 2024 |
| Title: Randi M Mazzara v. Union Pacific Railroad, *et al.* | |

___

The Court has carefully reviewed Plaintiff's pleading and finds that even when viewed liberally, it does not comply with Federal Rule of Civil Procedure 8. (*See generally* Dkt. 1.) Most importantly, Plaintiff does not adequately describe the basis of the court's subject matter jurisdiction. Plaintiff's motion references "arbitrators improprieties" and states that an "arbitration decision needs to be reviewed," but the precise nature of the challenged arbitration decision or the date of that decision is not clear from Plaintiff's pleading. Because it is not clear what the arbitration decision was or when it took place, the court cannot determine whether it has jurisdiction to review any decision in the arbitration proceeding. Nor does Plaintiff specify the factual basis that entitles Plaintiff to relief or explain the court's power to grant the particular relief requested, namely Plaintiff's reinstatement to his former position. Instead, his pleading consists of only the briefest and most conclusory statements from which the court cannot discern no plausible claim for relief. Because the court finds Plaintiff's pleading does not comply with Federal Rule of Civil Procedure 8, including by specifying the basis of the court's subject matter jurisdiction, the court **DISMISSES WITHOUT PREJUDICE** this case for lack of subject matter jurisdiction. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction."); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku